UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 22-mc-50780

v.        Judith E. Levy
        United States District Judge

Ken Kenyatta Wilson,

        Mag. Judge David R. Grand

        Defendant.

_____/

**ORDER DENYING INTERESTED PARTY SHAKA WILSON'S MOTION FOR THE COURT TO TAKE NOTICE OF STATE ORDERS OF GUARDIANSHIP [1] AND DENYING INTERESTED PARTY WILSON'S REQUEST FOR ENFORCEMENT OF <u>FEDERAL CONSTITUTIONAL RIGHTS [5]</u>**

Before the Court is Interested Party Shaka Wilson's motion for the Court to take notice of state orders of guardianship, which is dated April 8, 2022 (ECF No. 1), as well as Interested Party Wilson's "Request for [Defendant Ken Kenyatta Wilson's] Federal Constitutional Rights [to] be Enforced and Respected[,]" which is dated May 25, 2022 (hereinafter, "the May 25, 2022 requests"). (ECF No. 5.) Interested Party Wilson's motions relate to a criminal case called *United States of America v. Ken*

*Kenyatta Wilson,* in which Defendant Ken Kenyatta Wilson is charged with the following three counts: (1) bank robbery, in violation of 18 U.S.C. § 2113(a); (2) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* Case No. 21-cr-20283, ECF No. 1.) In her motion, Interested Party Wilson states that she is Defendant Wilson's sister and that she was appointed as his guardian by an unspecified state court. (*See* Case No. 22-mc-50780, ECF No. 1, PageID.1.) Interested Party Wilson references "Attachment-1" in discussing "Her Guardianship"; however, no document is attached to her filing. (*Id.*) On April 27, 2022, the Court entered an order in this miscellaneous case requiring Interested Party Wilson to (1) submit a brief clarifying the relief sought in her motion and (2) file the missing attachment she referenced in that same motion. (ECF No. 2.)

Interested Party Wilson timely filed a response to the Court's order. (ECF No. 4.) In her response, which is dated May 11, 2022, Interested Party Wilson indicates that she seeks the following relief:

(1) That Defendant Wilson be relocated to a forensic center in Saline, Michigan[1] and that this facility be required to acknowledge and recognize Interested Party Wilson's status as guardian of Defendant Wilson's medical affairs so that she may ensure the quality of his medical treatment (*see id.* at PageID.12);

(2) That Defendant Wilson be forcibly medicated and given extensive inpatient and outpatient care, not to exceed one year (*id.*);

(3) That the Court order submission to Interested Party Wilson and the Court of all medical records regarding Defendant Wilson's mental health treatment at all state and federal facilities that have treated Defendant Wilson over the last 20 years (*id.*); and

(4) That once Defendant Wilson is released to an outpatient facility, Defendant Wilson be placed on supervised release with a tether for a period of 5 to 10 years. (*See id.* at PageID.13.)

---

[1] Interested Party Wilson's response does not specify the name of this center (*see* ECF No. 4, PageID.12), but the Court assumes this to be the Center for Forensic Psychology in Saline, Michigan, which is operated by the State of Michigan.

Attached to Interested Party Wilson's response is a "Letters of Guardianship" order from File No. 21-000394-GA that was signed by Judge Julia B. Owdziej of the Washtenaw County Probate Court on May 13, 2021. (*Id.* at PageID.14.) The order appoints Interested Party Wilson as "limited guardian" of Defendant Wilson with "powers and responsibilities" over his "medical, legal, financial, [and] business decisions[.]" (*Id.*) The order states that "[t]hese letters of guardianship expire on 7/7/22." (*Id.*) Interested Party Wilson argues in her response that the Court is required to grant her the relief sought because of her appointment in state court as limited guardian over Defendant Wilson. (*See id.* at PageID.12.) Specifically, Interested Party Wilson contends that 28 U.S.C. § 1738 "mandates that this [C]ourt adhere[] to the state court judgments[,]" including, by implication, the state court order appointing Interested Party Wilson as limited guardian over Defendant Wilson's medical treatment. (*Id.*)

The Court cannot grant the relief sought by Interested Party Wilson in her motion. The Insanity Defense Reform Act ("IDRA"), 18 U.S.C. §§ 17, 4241–47, governs pretrial competency evaluation and restoration. As outlined in the Court's order requiring a response from Interested Party

4

Wilson, the Court adopted a sealed Report and Recommendation ("R&R") on February 18, 2022 that was issued by Magistrate Judge David R. Grand in Defendant Wilson's criminal case. (*See* ECF No. 2, PageID.5.) In its order adopting the sealed R&R that was entered in Defendant Wilson's criminal case, the Court found that "[a]t present, [Defendant] Wilson is incompetent to stand trial with respect to the charges he is facing in this criminal action." (Case No. 21-cr-20283, ECF No. 22, PageID.206.) The Court ordered:

> that [Defendant] Wilson is hereby COMMITTED to the custody of the Attorney General, who shall hospitalize [Defendant] Wilson for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and for "an additional reasonable period of time until– (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d) (1), (2).
>
> IT IS FURTHER ORDERED that if, at the end of the time period specified, it is determined that [Defendant] Wilson's mental condition has not so improved as to permit the proceedings to go forward, [Defendant] Wilson shall be

5

subject to the provisions of 18 U.S.C. §§ 4246 and 4284. 18 U.S.C. § 4241(d).

(*Id.* at PageID.206–207.) As a result, Defendant Wilson is currently committed to the custody of the Attorney General, who must hospitalize Defendant Wilson for treatment in a suitable facility for a period of time not to exceed four months, pursuant to 18 U.S.C. § 4241(d)(1), and for an additional reasonable period of time until either (1) the Court determines that there is a substantial probability that Defendant Wilson will regain capacity within some additional reasonable period of time, in which case Defendant Wilson will remain in the custody of the Attorney General for that period of time, *see id.* § 4241(d)(2)(A); or (2) the Court determines that there is no substantial probability that Defendant Wilson will regain capacity in the foreseeable future, in which case Defendant Wilson will remain in the custody of the Attorney General to determine whether he can be released or whether further hospitalization is necessary. *See id.* §§ 4241(d), 4246, 4248; *see also* 1A Charles A. Wright *et al.*, *Fed. Prac. & Proc. Crim.* § 209 (5th ed. 2022).

Based on the documentation provided by Interested Party Wilson, as well as the Court's own review of File No. 21-000394-GA in Washtenaw County Probate Court, it appears that Interested Party

6

Wilson was granted limited guardianship status with "powers and responsibilities" over Defendant Wilson's medical affairs by state court order. (ECF No. 4, PageID.14.) However, to the extent that Interested Party Wilson suggests that her status as state court-appointed limited guardian over Defendant Wilson allows her to pursue the relief she is seeking in federal court, this is incorrect. Interested Party Wilson has offered no legal support—nor has the Court independently found any—for the contention that her status as state-appointed limited guardian provides a basis for requesting this federal district court to move Defendant Wilson to a state-run facility, order particular medical treatment, or require submission of medical documentation when Defendant Wilson has been committed to the custody of the Attorney General pursuant to § 4241(d).

Furthermore, the IDRA itself does not grant the Court discretion to order outpatient competency restoration assessment and treatment or to designate a particular facility for inpatient hospitalization under § 4241(d). Such discretion is designated to the Attorney General: Section 4247(i)(A), (C) provides that the Attorney General "shall . . . consider the suitability of the facility's rehabilitation programs in meeting the needs

7

of the person" and "may contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody." 18 U.S.C. § 4247(i)(A), (C). Other circuits evaluating § 4241(d) have found that a district court has no role in determining what will serve as the "suitable facility" under the statute for a particular defendant. *See United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021) (holding "that § 4241(d) mandates that district courts commit mentally incompetent defendants to the custody of the Attorney General for treatment, without discretion for the court to order a particular treatment setting"); *United States v. Dalasta*, 856 F.3d 549, 554 (8th Cir. 2017) (finding that the discretionary decision to order a non-custodial alternative such as medical record review or to order an examination by the Bureau of Prisons at a suitable facility located in a specific geographic area is one that is delegated to the Attorney General under § 4241(d), and not to the district court). Accordingly, the Court denies Interested Party Wilson's requests to relocate Defendant Wilson, to order his receipt of a particular regimen of inpatient or outpatient treatment, and to obtain Defendant Wilson's medical records from former medical providers.

Additionally, although the Court is not aware of the details of Defendant Wilson's current treatment, it may not permit involuntary administration of medication to Defendant Wilson based on Interested Party Wilson's request alone. A criminal defendant has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221 (1990). "The drastic step of administering these powerful drugs to an unwilling criminal defendant should be taken rarely, and only when absolutely necessary to fulfill an important governmental interest[.]" *United States v. Berry*, 911 F.3d 354, 357 (6th Cir. 2018). As the Sixth Circuit recently outlined, the Court must evaluate four factors to determine whether an order permitting involuntary medication of a criminal defendant to restore competency is permissible:

> In *Sell v. United States*, 539 U.S. 166[] (2003), the Supreme Court approved the involuntary medication of pretrial detainees to restore competency in limited circumstances. The Supreme Court listed four factors that the district court must find in order to grant an order to permit involuntary medication: (1) "*important* governmental interests are at stake"; (2) "involuntary medication will *significantly further* those concomitant state interests"; (3) "involuntary medication is *necessary* to further those interests"; and (4) "administration of the drugs is *medically*

9

> *appropriate, i.e.,* in the patient's best medical interest in light of his medical condition." *Id.* at 180–81[]. This framework recognizes that "[a]n individual has a constitutionally protected liberty interest in avoiding the unwanted administration of medication, and the Government may not deprive him of this liberty without an essential or overriding interest in doing so." *United States v. Mikulich*, 732 F.3d 692, 696 (6th Cir. 2013).

*United States v. Sherrill*, 834 F. App'x 223, 227–28 (6th Cir. 2020) (emphasis in original). Even assuming the Court was able to consider a request from Interested Party Wilson (as opposed to the government) to forcibly medicate Defendant Wilson for the purpose of restoring competency—a contention of which the Court is not convinced—none of the factors listed above have been demonstrated here. Accordingly, the Court denies Interested Party Wilson's request to involuntarily medicate Defendant Wilson.

Finally, Interested Party Wilson's request that Defendant Wilson be placed on supervised release with a tether for a set period of years similarly cannot be granted by the Court at this time. This is a request related to post-conviction sentencing that is inapplicable to the current procedural posture of Defendant Wilson's criminal case.

10

Interested Party Wilson's invocation of the Full Faith and Credit Act (*see* ECF No. 4, PageID.12) does not alter the Court's conclusion. "The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)). In other words, "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment[.]" *Id.* But the relief sought by Interested Party Wilson in this miscellaneous case does not concern the preclusive effect of any state court order or judgment at issue here—recognition of the state court order submitted by Interested Party Wilson does not affect whether Interested Party Wilson has a legal basis for the relief sought in her filings.

In addition to her motion, Interested Party Wilson also filed the May 25, 2022 requests. (ECF No. 5.) This filing repeats certain requests for relief regarding Defendant Wilson's medical affairs as articulated in Interested Party Wilson's earlier motion (*id.* at PageID.23–24), but also seeks unspecified relief regarding additional allegations including the

withholding of certain property allegedly taken from Defendant Wilson at the time of his arrest and a restriction on telephone and mail access where Defendant Wilson is being hospitalized. (*Id*. at PageID.24–25.) Interested Party Wilson's requests are not properly sought as part of a miscellaneous matter. Rather, Interested Party Wilson's request alleges certain claims based on wrongdoings by unspecified defendants and seeks adversarial relief. Interested Party Wilson cannot circumvent the required fees set forth in 28 U.S.C. § 1914 by filing her May 25, 2022 requests under a miscellaneous case matter number and not as a civil complaint. *See, e.g., Lucas v. Home Depot*, No. 15-mc-50513, 2016 WL 6995737, at *1 (E.D. Mich. Nov. 30, 2016). Accordingly, Defendant Wilson's May 22, 2022 requests are denied.

The Court recognizes and appreciates Interested Party Wilson's concern over the health of her brother, Defendant Wilson. Nevertheless, the Court cannot grant the relief she seeks. Accordingly, Interested Party Wilson's motion for the Court to take notice of state orders of guardianship is **DENIED**. (ECF No. 1.)

Additionally, Interested Party Wilson's May 25, 2022 requests are **DENIED**. (ECF No. 5.) This is a final order that closes the miscellaneous case.

The Court informs Interested Party Wilson that a status conference in Defendant Wilson's criminal case is set for June 14, 2022 at 3:30 p.m. by video teleconference.

IT IS SO ORDERED.

Dated: June 9, 2022            s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2022.

                               s/William Barkholz
                               WILLIAM BARKHOLZ
                               Case Manager